UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

WALLYS AMAYA MEDINA,

    Petitioner,

v.

ROBERT CERNA, et al.,

    Respondents.

No. 1:26-CV-199-H

### ORDER

Earlier this year, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Wallys Amaya Medina, a native and citizen of Venezuela, is one such alien, having illegally entered the United States over four years ago. His amended habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands his immediate release based on the text of the INA, the Fifth Amendment, and the APA. Dkt. No. 5.

In light of *Buenrostro-Mendez*, Amaya Medina's claim based on the INA is foreclosed. His remaining claims fail on the merits. Procedural due process does not require his release. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Amaya Medina are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. And Amaya Medina's APA claim fails, too. Accordingly, the petition (Dkt. No. 5) is denied.

1.    **Background**

In 2022, Amaya Medina illegally entered the United States. Dkt. No. 5 ¶ 14. After entering, he was encountered by U.S. Border Patrol and placed into removal proceedings with a Notice to Appear. *Id.* On or about March 22, 2026, he was taken into custody after ICE encountered him during a traffic stop. *Id.* ¶ 18. Amaya Medina is held without bond because of the Board of Immigration Appeals' recent opinion in *Matter of Yajure Hurtado*, which held that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).

Amaya Medina filed a petition for a writ of habeas corpus (Dkt. No. 1) and timely filed an amended petition (Dkt. No. 5). The amended petition states three claims for relief. His first claim contends that his detention violates his rights under the Fifth Amendment's Due Process Clause. Dkt. No. 5 ¶¶ 42–50. His second claim—which is foreclosed by *Buenrostro-Mendez*—argues that his detention is unlawful under the INA. *Id.* ¶¶ 51–54. He asserts in his third claim that his continued detention without a bond hearing constitutes arbitrary and capricious agency action under the APA. *Id.* ¶¶ 55–61.

As mentioned above, the amended petition presents a statutory claim foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. There, the Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."

8 U.S.C. § 1225(b)(2)(A) (emphasis added).  The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 754 (N.D. Tex. 2026)).

Amaya Medina is currently detained at the Bluebonnet Detention Center.  Dkt. No. 5 ¶ 20.

2.    **Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

3.    **Analysis**

As noted above, Amaya Medina raises three claims in his amended habeas petition. Dkt. No. 5 ¶¶ 42–61.  They include a statutory claim under the INA, a claim based on the Fifth Amendment, and an APA claim. *Id.*  As explained below, *Buenrostro-Mendez* forecloses Amaya Medina's first claim.  Thus, the Court turns to his remaining claims.  The

Court has considered whether the Due Process Clause[1] and the APA[2] entitle illegal aliens to individualized bond hearings in several prior cases. Even so, the Court considers the arguments raised in Amaya Medina's briefing to address whether he is entitled to release on any of his remaining claims. The answer is no.

### A.    *Buenrostro-Mendez* forecloses Amaya Medina's INA claim.

Amaya Medina challenges his detention as unlawful under the INA. *Id.* ¶¶ 51–54. But he is an "applicant for admission" within the meaning of Section 1225(a)(1). Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Amaya Medina is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, Amaya Medina's INA claim fails.[3]

### B.    The Fifth Amendment does not require the government to give Amaya Medina a bond hearing.

Next is Amaya Medina's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 42–50. He

---

[1] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

[2] *See, e.g.*, *Garibay-Robledo*, 814 F. Supp. 3d at 760.

[3] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.1.

argues that he has a "significant private interest at stake," and that his detention results in a "gambit of deprivations." *Id.* ¶ 47. But he is not entitled to relief.

As an "applicant for admission," Amaya Medina has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Amaya Medina is not entitled to release as a matter of procedural due process.[4]

### C.    The APA precludes judicial review of Amaya Medina's claim.

Finally, Amaya Medina presents an APA claim. Dkt. No. 5 ¶¶ 55–61. But he requests habeas relief to remedy purportedly unlawful agency conduct. *See* Dkt. No. 5 at 13. Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are

---

[4] At the time of filing his supplemental brief (Dkt. No. 10 at 1), Amaya Medina was correct that a Fifth Circuit panel recently came to a contrary conclusion when addressing alleged Due Process violations. *See Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 1906557 (5th Cir. July 2, 2026). But because the full Fifth Circuit granted rehearing en banc, that panel's opinion has been vacated. *See* Nos. 26-50183, 26-50219, 26-50221, Dkt. Nos. 174; 176 (5th Cir. July 10, 2026). "[T]hus the opinion is not binding precedent." *Munn v. City of Ocean Springs*, 763 F.3d 437, 441 n.2 (5th Cir. 2014). For the reasons discussed above, the Court is not persuaded by *Sosnava Rodriguez*.

subject to judicial review." 5 U.S.C. § 704 (emphasis added). Because Amaya Medina requests habeas relief as the remedy for his APA claim, he unwittingly admits that there is, in fact, an adequate remedy outside the APA. Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)). The APA thus does not provide for judicial review of this claim.

### 4.    Conclusion

In short, Amaya Medina, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. The Fifth Amendment does not require his release or a bond hearing in these circumstances, nor does the APA. Thus, the amended petition for a writ of habeas corpus (Dkt. No. 5) is denied.

So ordered on July 28, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE